**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

KEVIN ROSENTHAL )
    Plaintiff, )
 )
v. ) Case No. 2:13-cv-04150
 )
MISSOURI DEPARTMENT OF )
CORRECTIONS, et al., )
    Defendants. )

## ORDER

Pending before the Court are (1) Defendants' Motion to Dismiss (Doc. No. 14); and (2) Putative Intervenor Deonta Dudley's Motion to Intervene (Doc. No. 25). Both will be considered, below.

**I.    Background**

Plaintiff filed the pending action on June 14, 2013. Plaintiff and other putative class members are deaf or hard-of-hearing inmates in the custody of the Missouri Department of Corrections (MDOC). Defendants are (1) MDOC, (2) George Lombardi (Director, MDOC), (3) Ed Davis (Superintendent, Ozark Correctional Center), and James Hurley (Superintendent, Northeast Correctional Center). Plaintiff seeks declaratory and injunctive relief, as well as damages, on his own behalf and on behalf of a putative class for alleged discrimination by Defendants against deaf and hard-of-hearing inmates in the custody of MDOC. Doc. No. 1, pp. 2-5.

Plaintiff's Complaint contains four counts: Count I – violation of the Americans with Disabilities Act (ADA)(Doc. No. 1, p. 21); Count II – violation of the Rehabilitation Act (Doc. No. 1, p. 24); Count III – class-wide claim for injunctive relief under 42 U.S.C.

§ 1983 (Doc. No. 1, p. 27); and Count IV – individual claim for damages under 42 U.S.C. § 1983 (Doc. No. 1, p. 28).

Defendants have filed a motion to dismiss using the doctrine of claim preclusion (Doc. No. 14), arguing that plaintiff Rosenthal's claims were all disposed of in a summary judgment order entered by the Circuit Court of Cole County, Missouri, on August 12, 2011 as to the MDOC, and as to other defendants on November 9, 2011. See Doc. No. 14-3, p.1. Plaintiff responds that his lawsuit is regarding actions taken by MDOC and other defendants beginning in November 2011, and continuing through 2012 and 2013. See Response, Doc. No. 22, pp. 3-6. In reply, defendant argues that plaintiff's claims prior to November 9, 2011, are barred, and plaintiff's ADA claims are barred due to Eleventh Amendment immunity.

Putative Intervenor Deonta Dudley (who is represented by the same counsel as Plaintiff Rosenthal) filed a motion to intervene (Doc. No. 25) on September 27, 2013.

## II.     Standard

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff "must include sufficient factual information to provide 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This

requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim. Id. at 556.

Under the Federal Rules of Civil Procedure, the "court must permit anyone to intervene" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A "court may permit anyone to intervene" if that party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion to allow permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), the "court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### III. Motion to Dismiss (Doc. No. 14)

Defendants have moved to dismiss plaintiff's complaint under the doctrine of claim preclusion. The federal full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to give preclusive effect to state court judgments. Simmons v. O'Brien, 77 F.3d 1093, 1096 (8th Cir. 1996). "The law of the forum that rendered the first judgment controls the [claim preclusion] analysis." C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012). In Missouri, claim preclusion applies "to

every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time" of the original action. Chesterfield Village, Inc. v. City of Chesterfield, 64 S.W.3d 315, 318 (Mo. banc 2002) (internal quotation omitted). It "prevents reassertion of the same claim even though additional or different evidence or legal theories might be advanced to support it." Id. at 320 (internal quotation omitted).

Defendants argue that plaintiff filed an action in Missouri state court in December 2009, where he sought injunctive relief as well as damages based on similar legal theories as are present in the current action. Summary judgment was granted as to all of plaintiff's claims on August 12, 2011; the original order, however, only listed the Missouri Department of Corrections as the dismissed party, and the state court corrected the dismissal to include all defendants on November 9, 2011. Defendant argues that plaintiff's claims of discrimination under the ADA, Section 504 of the Rehabilitation Act, and Section 1983 are almost identical to the claims decided by the state court in 2011, and even if some differences exist, those are not sufficient to overcome Missouri's requirement that claims involving the same subject matter are barred if they might have been reasonably brought in the prior suit. Kesterson v. State Farm Fire & Cas. Co., 242 S.W.3d 712, 716 (Mo. banc 2008).

The problem with defendants' theory, as pointed out by plaintiff in his suggestions in opposition (Doc. No. 22), is that the factual bases for plaintiff's claims include actions taken by defendants after the November 9, 2011, state court dismissal. See Doc. No. 1, pages 15-20. Under Missouri law, res judicata "extends only to the facts in issue as they existed at the time the judgment was rendered, and does not

prevent a reexamination of the same questions between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights of relations of litigants." Elam v. City of St. Ann, 784 S.W.2d 330, 334 (Mo. App. 1990) (internal citation omitted).

In defendants' reply, defendants assert that plaintiff's claims for actions prior to November 9, 2011 are barred, and thus plaintiff's complaint should be limited to events occurring after the dismissal with prejudice of his prior petition. Defendants also argue, for the first time, that plaintiff's ADA claims fail due to Eleventh Amendment Immunity. Defendants note that the Supreme Court and the Eighth Circuit have held that claims under Title II of the ADA must be examined on a claim-by-claim basis to determine whether plaintiff has alleged conduct which violates both the ADA and the U.S. Constitution. See United States v. Georgia, 546 U.S. 151, 159 (2006); Klinger v. Dir., Dept. of Revenue, Mo., 455 F.3d 888, 897 (8th Cir. 2006) (finding Eleventh Amendment Immunity prevented collection of monetary damages against the state for ADA violations that did not implicate Constitutional rights). Defendants argue, in two short paragraphs without citations to legal authority, that plaintiff has not made allegations sufficient to rise to the level of a Constitutional violation. In sur-reply, plaintiff asserts that he has pled specific facts that relate to denial of access to hearings, programs and services within prison, in violation of plaintiff's Constitutional rights.

Upon review of the parties' briefs and plaintiff's complaint, the Court finds that defendants' motion (Doc. No. 14) should be **GRANTED IN PART** as to any claims arising prior to November 9, 2011. In all other aspects, defendants' motion to dismiss will be **DENIED**, as the facts pled in plaintiff's complaint raise a plausible claim for

5

violations of plaintiff's constitutional rights, and claims which arose after the dismissal of the previous lawsuit are not precluded by that dismissal.

**IV.    Motion to Intervene (Doc. No. 25)**

Putative Intervenor Deonta Dudley (who is represented by the same counsel as Plaintiff Rosenthal) filed a motion to intervene (Doc. No. 25) on September 27, 2013. Dudley indicates that he is also a deaf inmate, who is incarcerated at Potosi Correctional Center, and he has also been subject to defendants' allegedly discriminatory conduct.  Dudley seeks to intervene under Fed. R. Civ. P. 24(a)(2) as his claims relate so closely to the subject matter of this action that disposing of the action against plaintiff will, as a practical matter, impair or impede Dudley's ability to protect his interests.  Dudley further notes that plaintiff's claims may be barred for conduct occurring prior to November 9, 2011, and therefore Dudley's interest may not be adequately protected by plaintiff.  Alternatively, Dudley seeks to intervene under Fed. R. Civ. P. 24(b)(1)(B), as his claims share a common question of fact and law with this action.

Defendant responds (Doc. No. 29) that Dudley has not exhausted his grievances related to claims dating prior to November 9, 2011, and therefore Rule 24(a)(2) is not implicated.  Defendants further argue that Dudley is not entitled to permissive intervention, as he has not shown that his injury is beyond that suffered by Rosenthal and inclusion of his claims will "only needlessly complicate the current lawsuit, adding to the expense of the case, without providing any additional protections for the class Rosenthal and Dudley seek to represent."  Doc. No. 29, p. 7.

Although the Court is not convinced that Dudley is entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), the Court believes that permissive intervention under Rule 24(b)(1)(B) is appropriate in this matter. Adding putative intervenor Dudley's claim in this matter would not unduly delay or prejudice defendants' adjudication of the parties' rights in this matter, given that the complaint was filed on June 11, 2013 and the motion to intervene was filed a little over three months later.

Accordingly, putative intervenor Dudley's motion to intervene under Fed. R. Civ. P. 24(b)(1)(B) is **GRANTED**.

## V. Conclusion

Accordingly, for the foregoing reasons, (1) Defendants' Motion to Dismiss (Doc. No. 14) is **GRANTED IN PART** and **DENIED IN PART**; and (2) Putative Intervenor Deonta Dudley's Motion to Intervene (Doc. No. 25) is **GRANTED**. Putative Intervenor Dudley shall file his intervenor's complaint on or before **JANUARY 29, 2014.**

**IT IS SO ORDERED**.

Date: January 24, 2014  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge