IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KEVIN ROSENTHAL<br>    Plaintiff,<br><br>v.<br><br>MISSOURI DEPARTMENT OF<br>CORRECTIONS, et al.,<br>    Defendants.<br><br>DEONTA DUDLEY,<br>    Intervenor. | Case No. 2:13-cv-04150 |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss (Doc. No. 72). This motion will be considered, below.

**I.    Background**

Plaintiff filed the pending action on June 11, 2013. Plaintiff and other putative class members are deaf or hard-of-hearing inmates in the custody of the Missouri Department of Corrections (MDOC). Defendants are (1) MDOC, (2) George Lombardi (Director, MDOC), (3) Ed Davis (Superintendent, Ozark Correctional Center), (4) James Hurley (Superintendent, Northeast Correctional Center); and (5) various John Doe defendants. Plaintiff and intervenor Deonta Dudley seek declaratory and injunctive relief, as well as damages, on their own behalf and on behalf of a putative class for alleged discrimination by Defendants against deaf and hard-of-hearing inmates in the custody of MDOC. First Amended Complaint, Doc. No. 60, pp. 6-9.

The First Amended Complaint contains fifteen counts: Count I – violation of the Americans with Disabilities Act (ADA) (Doc. No. 60, p. 24); Count II – violation of the

Rehabilitation Act (Doc. No. 60, p. 28); Count III – class-wide claim for injunctive relief under 42 U.S.C. § 1983 (Doc. No. 60, p. 31); Count IV – plaintiff's individual claim for damages under 42 U.S.C. § 1983 (Doc. No. 60, p. 32); Count V – intervenor's individual claim for damages under 42 U.S.C. § 1983 (Doc. No. 60, p. 33); Count VI – plaintiff's individual claim against John Doe 1 under 42 U.S.C. § 1983 (Doc. No. 60, p. 34); Count VII -- plaintiff's individual claim against John Doe 2 under 42 U.S.C. § 1983 (Doc. No. 60, p. 35); Count VIII -- plaintiff's individual claim against John Doe 3 under 42 U.S.C. § 1983 (Doc. No. 60, p. 36); Count IX -- plaintiff's individual claim against John Doe 4 under 42 U.S.C. § 1983 (Doc. No. 60, p. 37); Count X -- plaintiff's individual claim against John Doe 5 under 42 U.S.C. § 1983 (Doc. No. 60, p. 38); Count XI -- intervenor's individual claim against John Doe 6 under 42 U.S.C. § 1983 (Doc. No. 60, p. 38); Count XII -- intervenor's individual claim against John Doe 7 under 42 U.S.C. § 1983 (Doc. No. 60, p. 39); Count XIII -- intervenor's individual claim against John Doe 8 under 42 U.S.C. § 1983 (Doc. No. 60, p. 40); Count XIV -- intervenor's individual claim against John Doe 9 under 42 U.S.C. § 1983 (Doc. No. 60, p. 41); Count XV -- intervenor's individual claim against John Doe 10 under 42 U.S.C. § 1983 (Doc. No. 60, p. 42).

Defendants have filed a motion to dismiss counts I, II, and III as moot (Doc. No. 72), arguing that these claims for injunctive relief must be dismissed because the only plaintiff, Rosenthal, is no longer incarcerated and therefore cannot represent the class. See Doc. No. 72, p.2. Plaintiff responds that despite Rosenthal's claims being moot, the Intervenor, Dudley, remains a party in this matter and has requested specific relief for himself and on behalf of all putative class members. See Suggestions in Opposition,

2

Doc. No. 75, p. 2. In reply, defendant argues that Dudley is not the plaintiff and therefore cannot represent the class member's claims. See Doc. No. 78, p.5.

**II.      Standard**

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff must include sufficient factual information to provide grounds on which the claim rests, and to raise a right to relief above a speculative level. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

"[A]n intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." Diamond v. Charles, 476 U.S. 54, 68 (1986). When intervention is permitted, an intervenor becomes a "full participant in the lawsuit and is treated just as if it were an original party." Alvarado v. J.C. Penney Co., 997 F.2d 803,

3

805 (10th Cir. 1993). Therefore, intervenors have the right to fully litigate issues before the court. Id. at 804-05. The "right to a jury should not turn on how the parties happen to be brought into court." Ross v. Bernhard, 396 U.S. 531, 541 n.15 (1970).

## III.     Motion to Dismiss (Doc. No. 72)

Defendants have moved to dismiss Counts I, II, and III of plaintiff's complaint as moot. In support of their motion, defendants argue that because Rosenthal, the only plaintiff in this case, is no longer incarcerated, none of the claims for injunctive relief may be maintained. See Doc. 72, p. 2. Although plaintiff seemingly concedes that his claims for injunctive relief are moot, plaintiff and intervenor point out in their opposition that Defendants fail to acknowledge that Intervenor still remains incarcerated and has also requested injunctive relief on behalf of the putative class. See Doc. 75, p. 2. In defendants' reply, defendants assert that Dudley is not the plaintiff and without Rosenthal there is no plaintiff to represent class members' claims. See Doc. 78, p. 5. Defendants argue that the Court should not engage in a fishing expedition to determine whether anybody else can still maintain his claims for injunctive relief. See Doc. 78, p. 3.

Defendants fail to recognize that the intervenor is a full participant in the lawsuit and is currently subject to the policies and practices challenged by this case. Defendants cite cases where the court did not consider substitute class representatives, but these cases are distinguishable from the present case. Defendants cite Great River Coop. of Southeastern Iowa v. Farmland Industries, Inc., where the district court dismissed one count as to the plaintiff and the class because the only named plaintiff had a claim that was time barred. 120 F.3d 893, 899 (8th Cir. 1997). In Great River, the

4

court made its decision based on the expiration of the statute of limitations rather than on the issue of mootness, and no intervenor had filed a timely complaint. Defendants also cite <u>Shipman v. Missouri Dept. of Family Services</u>, where Missouri statutes were amended in a way that rendered moot the named plaintiff's claims. 877 F.2d 678, 681-82 (8th Cir. 1989). In <u>Shipman</u>, the court did not consider alternative class representatives because any claim based on the statute that was subsequently amended would be moot, unlike here, where intervenor Dudley's claims are not moot because he is subject to unchanged MDOC policies and practices.

Therefore, upon review of the parties' briefs and the First Amended Complaint, the Court finds that defendants' motion (Doc. No. 72) should be **GRANTED IN PART** as to plaintiff Rosenthal's claims for injunctive relief in Counts I, II, and III, and **DENIED IN PART**, as to the claims raised by intervenor Dudley.

## IV. Conclusion

Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 72) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.


Date: <u>October 16, 2014</u>         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
       United States District Judge