IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KEVIN ROSENTHAL<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 2:13-cv-04150 |
| MISSOURI DEPARTMENT OF<br>CORRECTIONS, et al.,<br>    Defendants. | )<br>)<br>)<br>) |
| DEONTA DUDLEY,<br>    Intervenor. | )<br>)<br>) |

# ORDER

Pending before the Court are (1) Defendants' Motion for Judgment on the Pleadings (Doc. No. 103); and (2) Defendants' Motion, by Consent, for Leave to Amend by Interlineation their Answer and Affirmative Defenses (Doc. No. 124). As an initial matter, given that claimants consent, the Court will **GRANT** defendants' motion for leave to amend their answer by interlineation to assert the following affirmative defense: "Claimants' claims fail because any accommodations requested by Claimants would constitute undue burdens on Defendants." The Court will now turn to defendants' motion for judgment on the pleadings.

**I.      Background**

Plaintiff Rosenthal was formerly incarcerated in various Missouri penitentiary facilities. Intervenor Dudley has been and is currently incarcerated in a Missouri penitentiary facility. Plaintiff and Intervenor are both deaf and communicate using American Sign Language (ASL). Claimants bring suit against the Missouri Department of Corrections, George Lombardi, Ed Davis, James Hurley, and John Does 1-10, claiming a

violation of their rights under Title II of the Americans Disabilities Act, § 504 of the Rehabilitation Act, the 8th Amendment, and the14th Amendment equal protection clause. Lombardi has been sued in his individual and official capacity as the Director of MDOC. Davis has been sued in his individual and official capacity as the superintendent of the Ozark Correctional Facility (OCC). Hurley has been sued in his individual and official capacity as the superintendent of the Northeast Correctional Center (NECC). Claimants also bring suit against John Does 1-10, unnamed MDOC employees and agents, in their individual and official capacities.

Claimants allege they were excluded from participating in certain activities, such as the work release program and rehabilitation programs, while serving time in the Missouri Department of Corrections based on their hearing disability, which is a violation of the ADA. Additionally, in violation of the RA, they allege they were denied benefits that were otherwise available to other inmates, solely based on their hearing disability. Specifically, Claimants allege they have been denied access to inmate programs and resources and denied telephone access because of their hearing impairment. Additionally, Claimants allege they have been incarcerated under unsafe conditions, a violation of their 8th Amendment right to be free from cruel and unusual punishment. Claimants allege they have been unable to hear fire or open cell alarms, have missed medical treatment, showers, and meals due to being unable to receive announcements, and have had to rely on other inmates for translation, creating an unsafe environment and balance of power among the inmates.

Claimants also allege they have been treated differently than other inmates due to their hearing impairment, a violation of their 14th Amendment equal protection right. Claimants allege they were told hearing impaired inmates did not have access to phones but that the phones were only for hearing inmates. Additionally, Claimants allege they were disciplined for using the phone, when other hearing inmates were not. Claimants brought a Section 1983 cause of action against Defendants for violations of their 8th and 14th Amendment rights.

**II.    Standard**

"A motion for judgment on the pleadings filed pursuant to Fed.R.Civ.P. 12(c) is examined under the same standard as a motion to dismiss for failure to state a claim." Bullard v. Standard Ins. Co., No. 10-3083-CV-S-GAF, 2010 WL 2545453,*1 (W.D.Mo. June 18, 2010). To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor.

3

Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005). "A grant of judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir.2008)(internal citations omitted).

**III.  Analysis**

As discussed previously, defendants seek to dismiss (1) Counts I and II against Defendants Lombardi, Davis, and Hurley in their individual capacities; (2) Count III in its entirety; (3) Counts IV and V in their entirety; and (4) Counts VI through XV in their entirety.   The Court will examine each ground for dismissal below.

   A.   Counts I and II against Defendants Lombardi, Davis, and Hurley

Title II of the ADA states "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2012). The RA states "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (2012).

Title II of the ADA states "an action under Title II of the ADA may not be maintained against public actors in their individual capacities." The MDOC is a public entity, as it is a "department … of a State … government." 42 U.S.C. § 12131(1)(A)-(B)(2012). However, the Eighth Circuit Court has held that state employees are not "public entities" and therefore cannot be sued under Title II in their individual capacities. Alsbrook v. City of

4

Maumelle, 184 F.3d 999, 1004 (8th Cir. 1999). The Eastern District of Missouri has held that the RA is similar to the ADA and the two are therefore "applicable and interchangeable" and therefore, as with an ADA claim, an RA claim cannot be maintained against a defendant in his individual capacity. <u>Artl v. Mo. Dept. of Corrections</u>, 229 F. Supp. 2d 938, 943 (E.D. Mo. 2002). Because claims against public actors in their individual capacities are precluded under the ADA and the RA, Claimants' claims against Defendants Lombardi, Davis, and Hurley, in their individual capacities must be dismissed. Intervenor Dudley's claims for prospective injunctive relief under Title II of the ADA and Section 504 of the RA against defendants Lombardi, Davis, and Hurley in their official capacities remain pending.

    B.    Count III

On November 18, 2014, this Court entered an Order that denied Claimants' Motion for Class Certification. Therefore, Count III's request for injunctive relief for the class is moot. Therefore, Count III is **DISMISSED** in its entirety.

    C.    Counts IV and V against Defendants Lombardi, Davis, and Hurley

Defendants Lombardi, Davis and Hurley move for judgment on the pleadings on Counts IV and V, asserting that (1) the Section 1983 claims asserted in these counts are duplicative of the ADA and RA claims asserted in Counts I and II, and given that Congress has already adopted a comprehensive remedial scheme through the ADA and RA such claims cannot stand; and (2) Claimants' Section 1983 claims should be dismissed because Claimants have not proved that Defendants Lombardi, Davis, and Hurley were personally involved in the alleged violations.

5

Upon review of the allegations in the complaint, as well as the parties' arguments on briefing of the pending motion, the Court believes that such issues would be better addressed on motions for summary judgment, where a full record could be made as to (1) whether the claims stated by claimants in Counts IV and V are completely duplicative and thereby subsumed by the ADA and RA; and/or (2) whether defendants were personally involved in the alleged violations such that they could be found liable under Section 1983. Therefore, defendants' motion is **DENIED** on this point.

D. Counts VI – XV against Defendants John Does 1-10

Defendants move for dismissal of the John Doe defendants for the same reasons that Claimants' Section 1983 claims should be dismissed against Defendants Lombardi, Davis, and Hurley.[1] Again, this Court finds that such arguments would be better raised on summary judgment motions, and therefore defendants' motion is **DENIED** on this point.

IV. **Conclusion**

Therefore, for the foregoing reasons, (1) Defendants' Motion for Judgment on the Pleadings (Doc. No. 103) is **GRANTED IN PART** as it relates to dismissal of claims against Defendants Lombardi, Davis, and Hurley in Counts I and II acting in their individual capacities as well as dismissal of Count III in its entirety, and **DENIED IN PART** as related to dismissal of Counts IV through XV; and (2) Defendants' Motion, by Consent,

---

[1] In their reply suggestions, defendants argue that the John Doe defendants should be dismissed because they have not yet been identified and joined in this lawsuit, and that plaintiff and intervenor have not stated sufficient facts that each John Doe defendant violated the Constitution. The Court, however, does not consider arguments made for the first time in reply suggestions. Defendants may re-assert these arguments in summary judgment briefing.

6

for Leave to Amend by Interlineation their Answer and Affirmative Defenses (Doc. No. 124) is **GRANTED**, and defendants' answer will be considered amended by interlineation.

**IT IS SO ORDERED.**

Dated: March 12, 2015
Kansas City, Missouri

/s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

7

Case 2:13-cv-04150-FJG   Document 131   Filed 03/12/15   Page 7 of 7